**In re Robert G. CRABTREE, Debtor.**

**Dr. Ernest L. MAZZAFERRI, Plaintiff,**

v.

**Robert G. CRABTREE, et al.,
Defendants.**

**Bankruptcy No. 2–89–0585.
Adv. No. 2–90–0018.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

April 24, 1991.

Terrence A. Grady, Isaac, Brant, Ledman & Becker, Columbus, Ohio, for defendant Robert G. Crabtree.

Jeffrey J. Beigel, Elsass, Wallace, Evans, Schnelle & Co. L.P.A., Sidney, Ohio for defendant Robert G. Crabtree in Franklin County Common Pleas Court suit.

Mary Jane McFadden, Casey, McFadden & Winner, Columbus, Ohio, for plaintiff.

Todd G. Finneran, Columbus, Ohio, defendant and Chapter 7 Trustee.

ORDER GRANTING MOTION TO
DISQUALIFY COUNSEL

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the debtor's motion seeking to disqualify plain-

tiff's counsel from representation in this adversary proceeding.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334 and the General Order of Reference previously entered in this district. This is a core proceeding objecting to the debtor's discharge and to the dischargeability of plaintiff's debt. 28 U.S.C. § 157(b)(2)(I) and (J).

Plaintiff's counsel, Mary Jane McFadden, is a partner in the law firm of Casey, McFadden and Winner. Another partner in that firm is Joseph C. Winner. At a time when Winner was associated with another law firm, he represented defendant Robert G. Crabtree in a variety of legal matters. Crabtree now alleges that Winner obtained confidential information in that prior representation which would make it inappropriate for Winner's partner now to counsel his adversary in this proceeding.

■ As a moving party seeking to disqualify an attorney for a conflict of interest, Crabtree must show:

1. the moving party is a former client of the adverse party's counsel;
2. there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit;
3. the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client.

*Evans v. Artek Systems Corp.*, 715 F.2d 788 (2nd Cir.1983).

■ The primary purpose for disqualification, if all tests are met, is to protect the confidentiality of information received from the former client, even if such information is only potentially involved in the current action. *In re Dayco Corp. Derivative Securities Litigation*, 102 F.R.D. 624 (S.D.Ohio 1984). Another purpose is to protect the integrity of the adversarial process. *Board of Educ. of New York City v. Nyquist*, 590 F.2d 1241 (2nd Cir.1979). Those concerns are expressed in Canons 4, 5 and 9 of the Code of Professional Responsibility, applicable to attorneys practicing in this court by Order 81–1 of the District Court of the Southern District of Ohio. Rule IV(B) of Order 81–1 incorporates by reference the Code of Professional Responsibility, as adopted by the Supreme Court of Ohio.

■ The Court heard much factual testimony from Crabtree and Winner. That testimony established the fact of the prior representation, although that fact was not contested. The testimony also established a superficial relationship between the subject matter of some of Winner's prior representation and the subject matter of this lawsuit. That relationship was not substantial nor did it appear that Winner had gained any privileged information from that representation which would be relevant or useful in this action.

The Court is convinced that the nature and extent of confidential information imparted to Winner during his representation of Crabtree is not such that McFadden's representation of the plaintiff in this action would be a violation of the governing canons and disciplinary rules. If ethical violations were the only concern, the defendant's motion would be denied.

■ Had this motion been filed only to deflect formidable representation of the opponent, it also would be denied. The Court was convinced at the hearing, however, that defendant Crabtree genuinely believes he will not get a fair trial if his former counsel's partner represents the plaintiff in this action against him. He believes that counsel has information which can be used against him and he perceives that the legal system would be "stacked against him" if McFadden continues to represent the plaintiff. The Court understands that the trial would be fair and that the representation would be within ethical guidelines. Those facts are not decisive, however.

The Court's function in this circumstance is to protect the perception of the legal system and the adversarial process before it. Accordingly, the Court finds that the legal system, as practiced in this Court, would be best served if the plaintiff obtains substitute counsel who has no past rela-

tionship to the defendant for the prosecution of this adversary proceeding.

Based upon the foregoing, the plaintiff will be given 30 days to find new counsel and for a substitution of such counsel to be filed with the Court.

IT IS SO ORDERED.